540 So.2d 180 (1989)
Muriel J. KRUEGER, Appellant,
v.
SCHOOL DISTRICT OF HERNANDO COUNTY, Florida, Appellee.
No. 88-270.
District Court of Appeal of Florida, Fifth District.
March 16, 1989.
*181 Vernon T. Grizzard, of Chamblee, Miles & Grizzard, Tallahassee, for appellant.
Joseph E. Johnston, Jr., of Johnston & Sasser, P.A., Brooksville, for appellee.
SHARP, Chief Judge.
Krueger appeals from an order of reinstatement issued by the Hernando County School Board, pursuant to the recommended order of the Division of Administrative Hearings. The hearing officer recommended that Krueger be restored to her position as a continuing contract teacher, and that "she receive back pay for the entire period she has been in a non-pay status because of these charges." The school board awarded her back-pay from the time she was temporarily suspended as a result of formal charges having been brought against her by the board on August 5, 1986. Krueger argues she is entitled to back pay from March 12, 1986, when she took personal leave without pay.
The record shows that there were three sub-periods during which Krueger was not paid. During 1983 and 1984 Krueger experienced physical and mental problems and during 1985 and 1986 she was frequently absent due to these health problems. After her sick leave was exhausted, she requested and was granted personal leave without pay on numerous occasions.
On or about March 7, 1986, a Friday, Krueger was told by her principal, Louise Ross, to take the rest of the day off and to take off the following Monday, apparently due to some incident which occurred at school. Krueger returned to work Tuesday, March 11, 1986. However, she was not permitted to accompany her class on an outing. On or about March 12, 1986, Ross visited Krueger's classroom and found the students to be particularly disruptive. Ross told Krueger that she must take a personal leave of absence or Ross would recommend her termination.
Krueger filled out a request for leave and was put on leave without pay for the balance of the year. Krueger was also informed that she had to undergo a complete physical and psychological evaluation. Two physicians, Dr. Haney and Dr. Gonzalez (Krueger's treating psychiatrists) examined Krueger. Dr. Haney prescribed medication. Dr. Gonzalez reported that Krueger had a mental condition, but that the condition was treatable with the medication Haney prescribed. Both doctors concluded the medication did not affect Krueger's ability to teach.
The school year ended on June 1, 1986. From then until August 5, 1986 when she was temporarily suspended, Krueger was on an unspecified non-pay status. Apparently some teachers employed by the board were paid for the summer months when they were not teaching, but Krueger was not.
In July of 1986, Ross recommended that Krueger be dismissed. The board suspended her on August 5, 1986, and on September 18, 1986 an administrative complaint was served on her formally seeking her dismissal.
The administrative complaint charged Krueger with incompetency and ineffectiveness based largely upon her performance as a teacher in 1986, and more particularly in March while working with Ross. Due to a misunderstanding on the part of Krueger or her doctors, they did not furnish Ross with a medical and psychiatric report by May 1, 1986 as Ross had demanded. Krueger's report reached Ross on July 30, 1986, but by that time Ross had recommended Krueger's dismissal.
*182 Pursuant to statute, a continuing contract teacher may be suspended or dismissed during any school year period on specified charges. § 231.36(4)(c). If the charges are not sustained, the teacher "shall be immediately reinstated, and his back pay shall be paid." This statute clearly requires payment of Krueger's salary from August 5, 1986, although it does not appear to specifically refer to anything more than the time the teacher is suspended.
It appears to us that Krueger has a right to receive back pay for the time she was entitled to receive a salary, pursuant to her contract with the school board. See Sherburne v. School Board of Suwannee County, 455 So.2d 1057 (Fla. 1st DCA 1984). Whether Krueger should have received payment during the summer months is unclear from the record. On remand, this matter should be expeditiously ascertained and all sums due should be paid to her.
Further, the finding of the administrative order makes it clear that on March 12, Krueger was forced by Ross to opt for a leave without pay. The charges later brought against her in August were the same as those Ross used at that time. Since the charges were later held to be unfounded, Krueger's forced leave of absence without pay for the balance of the school year appears to us to be tantamount to an unlawful firing or dismissal, for which Krueger's right to salary should not be compromised.
Based on the administrative officer's findings and recommendations we hold that Krueger is entitled to receive back pay from March 12, 1986. We affirm the order of reinstatement in all other regards.
REVERSED in part; REMANDED.
ORFINGER J., concurs.
COWART, J., dissents without opinion.